# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN BOTTLING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N19C-03-048 AML CCLD |
| MIKE REPOLE and BA SPORTS NUTRITION, LLC, | ) ) ) ) | |
| Defendants. | ) | |

Submitted: April 30, 2020
Decided: May 5, 2020

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL FIJI WATER COMPANY LLC'S COMPLIANCE WITH SUBPOENA

WHEREAS, on January 9, 2020, Defendants BA Sports Nutrition LLC and Mike Repole ("Defendants") served a subpoena (the "Subpoena") upon third-party FIJI Water Company, LLC ("FIJI");

WHEREAS, on February 28, 2020, Defendants filed their Motion to Compel FIJI's Compliance with the Subpoena (the "Motion"); and

WHEREAS, on April 30, 2020, the Court heard the parties' arguments regarding the relevance and scope of the materials requested in the Subpoena;

NOW, THEREFORE, IT IS HEREBY ORDERED this 5th day of May, 2020, that:

1.     The Motion is GRANTED in part;

2. This litigation involves the termination of a distribution agreement between The American Bottling Company ("ABC") and BA Sports Nutrition, LLC ("BA"). The distribution agreement contained a clause that required ABC to obtain BA's prior approval before ABC could transfer its duties and privileges under the agreement by "merger, consolidation, reorganization or similar event, [or] change in the management or control of [ABC]."[1] If such a transfer occurred without BA's approval, which it could not unreasonably withhold, BA was entitled to terminate the distribution agreement.[2]

3. After ABC's parent company, Dr. Pepper Snapple Group ("DPSG"), merged with Keurig Green Mountain ("Keurig"), BA terminated the distribution agreement. ABC contends that termination was not proper because: (1) the merger and related changes at DPSG and ABC did not result in a transfer of ABC's duties and privileges, (2) if there was any transfer, BA approved it, or (3) if BA did not approve any transfer, its refusal to do so was unreasonable.

4. ABC also had at least two distribution agreements with FIJI, who is the subject of this subpoena. Those agreements contained termination clauses that were similar, although not identical, to the termination provision at issue in this case. FIJI terminated its distribution agreements with ABC immediately after the merger.

---

[1] Defs.' Mot. to Dismiss, Ex. A § 10.2.

[2] *Id.* § 11.3.

5.     The subpoena BA issued to FIJI contains broadly phrased document requests that seek FIJI's external communications with DPSG and ABC as well as FIJI's internal analyses regarding the merger and how it might affect the parties' distribution relationship. FIJI objected to all the requests in the subpoena on the basis of relevance and burden. Very little meaningful pre-Motion conversation occurred between BA and ABC regarding the scope of the subpoena because FIJI largely refused to engage. Accordingly, BA sought the Court's intervention.

6.     Even the brief factual recitation above demonstrates why communications between FIJI and either DPSG or ABC could be relevant to the issues before the Court in this case. What DPSG or ABC may have said to FIJI regarding changes in control or management as a result of the merger directly relates to the core facts in dispute. Accordingly, to the extent the subpoena seeks documents constituting or reflecting such external communications, those documents are relevant and their production should not be overly burdensome in light of the further limitations on dates and custodians discussed below.

7.     In contrast, the requests for FIJI's internal analyses regarding the merger and its implications on distribution is not relevant to whether there actually was a change of control at ABC or whether BA reasonably could withhold its approval for any transfer of ABC's duties and privileges under the ABC-BA distribution agreement. BA and FIJI are two distinct companies with different

products, distribution needs, markets, and projections. Whatever FIJI anticipated would happen to the distribution of its products as a result of the merger is not relevant to whether BA reasonably could withhold its consent. Moreover, unlike DPSG or ABC's communications with FIJI, what FIJI internally concluded regarding ABC's management personnel or board composition post-merger is not relevant to whether there actually was a change of control that triggered the ABC-BA termination clause.

8.  Accordingly, the Motion to Compel is **GRANTED IN PART**, and FIJI shall produce documents responsive to the following amended requests, subject to the limitations in paragraphs 9(a)-(c), below:

> a.  Any Documents constituting or reflecting Communications between You and the Distributor Parties regarding how the Merger, or any changes to management personnel, Board composition, or control of ABC relating to or following the Merger, would impact or potentially impact the distribution of Your products or other Allied Brands' products.[3]

---

[3] *See* Subpoena *duces tecum* Directed to FIJI Water Co., LLC (hereinafter "Subpoena"), Request 2. Capitalized terms shall have the meaning contained in the Subpoena. The parties resolved their disputes regarding Requests 1 and 5, so those requests are not addressed in this order.

b. Any Documents constituting or reflecting Communications between You and the Distributor Parties regarding whether the Merger, or any changes to management personnel, Board composition, or control of ABC relating to or following the Merger, provided an opportunity or cause or basis, contractual or otherwise, for You or other Allied Brands to terminate distribution agreement(s) with the Distributor Parties.[4]

c. Any Documents constituting or reflecting Communications between You and the Distributor Parties regarding the perceived or actual impact of the Merger, or any changes to management personnel, Board composition, or control of ABC relating to or following the Merger, on the distribution of Your products or other Allied Brands' products.[5]

d. Any Documents constituting or reflecting Communications by the Distributor Parties informing You of the Merger or any changes to management personnel, Board composition, or control of ABC relating to or following the Merger.[6]

---

[4] *See* Subpoena Request 3.

[5] *See* Subpoena Request 4.

[6] *See* Subpoena Request 6.

9. The foregoing production shall be limited as follows:

   a. FIJI shall produce responsive documents generated between the date the Keurig-DPSG merger was announced and one month after FIJI terminated its distribution agreements.

   b. FIJI and BA shall work cooperatively to identify a reasonable number of custodians at FIJI who were the key individuals involved in deciding whether to terminate FIJI's distribution agreements with ABC. FIJI's search shall be limited to those custodians' documents. FIJI shall disclose those custodians' identity to BA.

   c. The parties shall work together to develop reasonable ways to lessen the burden on FIJI of creating a privilege log. If a substantial number of documents are withheld on the basis of privilege, the parties should discuss using a categorical log to reduce FIJI's burden.

10. FIJI may produce these documents subject to the Order Governing the Production and Exchange of Confidential and Highly Confidential Information, entered by the Court in this action on December 11, 2019.

11.     If FIJI desires to use search terms to locate responsive documents, FIJI shall confer with Defendants regarding the selection of search terms and shall provide hit reports if requested by Defendants.


*Abigail M. LeGrow*
The Honorable Abigail M. LeGrow